UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BLAKE WINGATE,

                        Plaintiff,

        v.                                  9:17-CV-0618
                                                    (MAD/DEP)

CITY OF NEW YORK,

                        Defendant.
_____

APPEARANCES:

BLAKE WINGATE
15-A-3206
Plaintiff, pro se
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

### I.    INTRODUCTION

The Clerk has sent to the Court for review a civil rights complaint submitted for filing by pro se plaintiff Blake Wingate pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis.[1] Dkt. No. 1 ("Compl."); Dkt. No. 8 ("IFP Application"). Plaintiff, who is currently incarcerated at Clinton Correctional Facility ("Clinton C.F."), has not paid the filing fee for this action. This action was originally filed in the Eastern District of New York ("Eastern District") and was transferred to the Northern District of New York ("Northern District") by Order of United States District Judge Ann M. Donnelly of the

---

[1] Plaintiff has one other action pending in this District. *See Blake v. Wingate*, No. 9:17-CV-0551 (TJM/CFH).

Eastern District. Dkt. No. 3 (the "Transfer Order"). The Transfer Order made no ruling regarding the complaint, stating that "[w]hether plaintiff should be permitted to proceed further is reserved for the transferee court." *Id.* at 2.[2] Plaintiff has filed a motion seeking reconsideration of the Transfer Order. Dkt. No. 6.

Upon review, this Court found that plaintiff had not paid the filing fee for this action, nor had he requested to proceed in forma pauperis. Thus, the action was administratively closed. Dkt. No. 5. Plaintiff filed an application for leave to proceed with this action in forma pauperis. Dkt. No. 8 ("IFP Application"). Plaintiff also filed the inmate authorization form. Dkt. No. 7. Accordingly, the action was reopened on June 26, 2017, upon plaintiff's submission of those documents. Dkt. No. 9.

For the reasons set forth below, plaintiff's IFP Application is denied and this action is dismissed in accordance with 28 U.S.C. § 1915(g) ("Section 1915(g)"), unless, within thirty (30) days of the date of this Decision and Order, plaintiff either (i) files an amended complaint demonstrating that the "imminent danger" exception in Section 1915(g) is applicable in this action or (ii) pays the Court's filing fee of four hundred dollars ($400.00) in full. Plaintiff's motion for reconsideration is also denied.

## II. MOTION FOR RECONSIDERATION

Before addressing the merits of plaintiff's motion for reconsideration of the transfer order, the Court considers it appropriate to note that the motion is properly before this Court,

---

[2] Plaintiff initially filed this action in the Eastern District by filing an "emergency injunction". Judge Donnelly found that "plaintiffs 'emergency injunction' motion is not related to the claims raised in 14-CV-4063 (ARR) (LB) [plaintiff's only open action in the Eastern District], nor does it allege that any events occurred within [the Eastern] district. Rather, the plaintiff challenges the conditions of his confinement at the Clinton Correctional Facility, which is located in Clinton County in the Northern District of New York." Transfer Order at 1. Therefore, Judge Donnelly "construe[d] plaintiff's submission as a new action" and transferred it to the Northern District. *Id.*

2

notwithstanding the fact that the underlying decision was not issued by the undersigned. As aptly explained by the United States Court of Appeals for the Seventh Circuit:

> The authority of a district judge to reconsider a previous ruling in the same litigation, whether a ruling made by him or by a district judge previously presiding in the case, including (because the case has been transferred) a judge of a different court, is governed by the doctrine of the law of the case, which authorizes such reconsideration if there is a compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous. *Agostini v. Felton,* 521 U.S. 203, 236, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997); *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 816-17, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988); *Brengettcy v. Horton*, 423 F.3d 674, 680 (7th Cir. 2005); *Williams v. Commissioner,* 1 F.3d 502, 503 (7th Cir. 1993); *McMasters v. United States,* 260 F.3d 814, 818 (7th Cir. 2001).

*Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006) (Posner, J.). Accordingly, this Court will address the merits of plaintiff's motion for reconsideration.

A court may justifiably reconsider a previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*[3]

Plaintiff argues that District Judge Donnelly improperly transferred this action because it is related to cases that plaintiff has pending in the Eastern District and the Southern District of New York ("Southern District"). Dkt. No. 6. The first case cited by plaintiff is *Wingate v.*

---

[3] Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.*

*City of New York*, No. 1:14-CV-4063 (E.D.N.Y filed June 27, 2014) ("*Wingate I*"). Dkt. No. 6 at 1. The second case that plaintiff cites is *Wingate v. Gives*, No. 1:05-CV-1872 (S.D.N.Y. filed Feb. 4, 2005) ("*Wingate II*"). Dkt. No. 6 at 1. The amended complaint in *Wingate I* alleged claims of mail tampering and denial of access to the law library at Rikers Island Correctional Facility in 2014. *See Wingate I*, Dkt. No. 65 (Amended Complaint); Dkt. No. 71 (Order accepting Amended Complaint). *Wingate I* is still pending in the Eastern District. In *Wingate II*, plaintiff alleged, *inter alia*, that he did not receive his medical diet while he was being held in custody at various New York City Department of Corrections facilities from October 2004 to September 2005 and again from April 2007 to July 2008. *See Wingate II*, Dkt. No. 142. *Wingate II* was dismissed in its entirety on March 17, 2011, and is presently on appeal with the Second Circuit Court of Appeals in *Wingate v. Gives*, No. 11-2696 (2d Cir. filed April 19, 2011). In the present action, plaintiff alleges that he is not receiving his medical diet at Clinton C.F., where he is presently incarcerated. *See generally* Compl.

Clearly, this action, which concerns conditions of confinement in 2017 at Clinton C.F. - a facility run by New York State - is not related to *Wingate I* or *Wingate II*, which concern conditions of confinement at facilities run by the City of New York in 2014, or in 2004-2005 and 2007-2008, respectively. Based upon a review of the relevant law and its application to the facts of this case, the Court concludes that District Judge Donnelly's previous decision to transfer this action to the Northern District was legally correct and did not work a manifest injustice. Thus, plaintiff's motion for reconsideration of the Transfer Order is denied.

## III.  IN FORMA PAUPERIS STATUS

Where a plaintiff seeks leave to proceed in forma pauperis, the Court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without

4

prepaying, in full, the $400.00 filing fee.[4]  The Court must also determine whether the "three strikes" provision of Section 1915(g) bars the plaintiff from proceeding in forma pauperis and without prepayment of the filing fee. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  If the plaintiff is indigent and not barred by Section 1915(g), the Court must also consider whether the causes of action stated in the complaint are, inter alia, frivolous or malicious, or if they fail to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b).

In this case, plaintiff has demonstrated economic need and has filed the inmate authorization form required in the Northern District of New York.  See Dkt. Nos. 7, 8.  Thus, the Court must determine whether plaintiff has three "strikes" and, if so, whether he is entitled to invoke the "imminent danger" exception to Section 1915(g).  *See DeLeon v. Doe*, 361 F.3d 93, 95 (2d Cir. 2004) (providing that the time for determination of "strikes" is only when the Section 1915(g) issue is ripe for adjudication).

### A.  Determination of "Strikes"

The "three strikes" rule set forth in Section 1915(g) has been enforced against plaintiff

---

[4] "28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010). "Although an indigent, incarcerated individual need not prepay the filing fee . . . at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Id.* (citing 28 U.S.C. § 1915(b); *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

5

in a prior action brought in this District. In *Wingate v. Labombard*, No. 9:17-CV-0551 (TJM/CFH), Senior District Judge Thomas J. McAvoy reviewed plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service. *See* U.S. Party/Case Index, www.http://pacer.uspci.uscourts.gov.[5] Judge McAvoy concluded that plaintiff had brought at least three actions and appeals which were dismissed on grounds constituting "strikes" prior to commencing that action in May 2017. *Id.* In doing so, Judge McAvoy noted that the "three strikes" rule set forth in Section 1915(g) had been enforced against plaintiff in actions brought in the United States District Court for the Southern District and in the United States District Court for the Eastern District. In *Wingate v. City of New York*, No. 1:14-CV-6343 (S.D.N.Y. filed July 23, 2014), Southern District Chief Judge Loretta A. Preska concluded that plaintiff had acquired three strikes prior to commencing that action in July 2014. *Id.*, Dkt. No. 10 (Order to Show Cause).[6] In *Wingate v. Megias*, No. 1:17-CV-0421 (E.D.N.Y. filed Jan. 10, 2017), Eastern District Judge Ann M. Donnelly also concluded that plaintiff had acquired three "strikes" for purposes of Section 1915(g). *Id.*, Dkt. No. 4 (Memorandum & Order). Judge Donnelly identified as "strikes" four of the five district court actions found to be "strikes" by Chief Judge Preska. *Id.* at 1-2.

---

[5] PACER lists more than thirty civil rights actions filed by plaintiff in the district courts comprising the Second Circuit since 2000. In *Chavis v. Chappius*, 618 F.3d 162 (2d Cir. 2010), the Second Circuit held that a plaintiff incurs two strikes when he "(1) files a complaint that is dismissed on one of the listed grounds and then (2) appeals that dismissal, only to have the appeal dismissed, also on one of the listed grounds." *Id.* at 167.

[6] The following actions were found to constitute "strikes" for purposes of Section 1915(g): *Wingate v. City of New York*, No.14-CV-4316 (E.D.N.Y. July 25, 2014) (dismissed for failure to state a claim), *appeal dismissed*, No. 14-2886 (2d Cir. Dec. 2, 2014) (appeal dismissed because it lacked an arguable basis in law or fact); *Wingate v. City of New York*, No. 14-CV-4007 (E.D.N.Y. July 25, 2014) (dismissed for failure to state a claim and as duplicative), *appeal dismissed*, No. 14-2887 (2d Cir. Dec. 2, 2014) (appeal dismissed because it lacked an arguable basis in law or fact); *Wingate v. Quattrochi*, No. 14-CV-2666 (E.D.N.Y. May 15, 2014) (dismissed on immunity grounds and for failure to state a claim), *appeal dismissed*, No. 14-2257 (2d Cir. Oct. 3, 2014) (appeal dismissed because it lacked an arguable basis in law or fact); *Wingate v. Bloomberg*, No. 11-CV-1000 (E.D.N.Y. Apr. 4, 2012) (dismissed with prejudice for failure to state a claim); *Wingate v. Grasso*, No. 11-CV-0357 (E.D.N.Y. Mar. 1, 2011) (dismissed on immunity grounds and for failure to state a claim).

Here, after reviewing the decisions from Senior District Judge McAvoy, Chief District Judge Preska, and District Judge Donnelly, as well as the dockets for the actions found to constitute "strikes," this Court also finds that plaintiff acquired three "strikes" prior to commencing this action. Thus, unless it appears that the "imminent danger" exception set forth in Section 1915(g) is applicable to this action, plaintiff's IFP Application must be denied.

**B.     Applicability of the "Imminent Danger" Exception**

Congress enacted the "imminent danger" exception contained in the final phrase of Section 1915(g) as a "safety valve" to prevent impending harms to prisoners otherwise barred from proceeding in forma pauperis. *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). Generally speaking, the allegations relevant to the "imminent danger" inquiry "are those in which [plaintiff] describes physical injury, threats of violence, and deprivation of medical treatment." *Chavis v. Chappius*, 618 F.3d 162, 165 (2d Cir. 2010).[7] "[F]or a prisoner to qualify for the imminent danger exception, the danger must be present when he files his complaint – in other words, a three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed." *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009); *see also Polanco v. Hopkins*, 510 F.3d 152 (2d Cir. 2007) (imminent danger claims must be evaluated at the time the complaint is filed, rather than at the time of the events alleged).[8] "[T]hough [a court] is obligated to draw the most favorable

---

[7] In *Chavis*, the Second Circuit described the nature of the Court's inquiry regarding imminent danger as follows: "although the feared physical injury must be serious, we should not make an overly detailed inquiry into whether the allegations qualify for the exception, because § 1915(g) concerns only a threshold procedural question, while [s]eparate PLRA provisions are directed at screening out meritless suits early on." *Id.* at 169-70 (quoting *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007)) (internal quotation marks omitted).

[8] In addition, "§ 1915(g) allows a three-strikes litigant to proceed [in forma pauperis] only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges." *Pettus*, 554 F.3d at 296. In deciding whether such a nexus exists, the Second Circuit has instructed the courts to consider "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly

7

inferences that [a pro se plaintiff's] complaint supports, [the court] cannot invent factual allegations that [the plaintiff] has not pled." *Chavis*, 618 F.3d at 170.

In his complaint, styled as an "emergency injunction," plaintiff asserts claims arising out of his current confinement at Clinton C.F. *See generally* Compl. Of relevance to the Court's "imminent danger" analysis, plaintiff alleges that has been denied his medically prescribed diet. *Id.* On the basis of the foregoing, plaintiff alleges that he has been denied proper medical care. *Id.* Construing the complaint with the leniency that must be afforded to a pro se litigant, *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996), the Court concludes that plaintiff has failed to plead facts sufficient to place him within the "imminent danger" exception provided by Section 1915(g) when he commenced this action in May 2017. The "imminent danger" exception is applicable only "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury.'" *Flemming v. Kemp*, No. 9:09-CV-1185 (TJM/DRH), 2010 WL 3724031, at *2 (N.D.N.Y. Aug. 19, 2010). Here, plaintiff has not alleged sufficient facts to plausibly suggest that any person at Clinton C.F. has been deliberately indifferent to his serious medical needs, or to plausibly suggest that the scope of his injuries he has suffered as a result present a real and proximate danger of serious physical injury. Indeed, plaintiff does not name a single defendant from Clinton C.F., but rather names the City of New York as the sole defendant. *See generally* Compl. To the extent that plaintiff seeks relief from the City of New York, he was not in its custody when he filed this action, and therefore could not have faced imminent danger from that entity. The complaint, as drafted is too vague, both in terms of allegations of wrongdoing and personal

---

traceable to unlawful conduct asserted in the complaint, and (2) whether a favorable judicial outcome would redress that injury." *Id.* at 298-99.

involvement, for the Court to accurately assess whether plaintiff faced imminent danger when he filed this complaint. Plaintiff's allegation that he is not receiving his medical diet, without more, does not suffice to demonstrate that anyone was deliberately indifferent to his serious medical needs such that he faced a real and imminent danger of serious physical harm.

Based upon the foregoing, the Court finds that plaintiff is barred under Section 1915(g) from proceeding with this action in forma pauperis because he has three "strikes" and has not demonstrated the applicability of the "imminent danger" exception. Plaintiff's IFP Application is therefore denied.

In light of plaintiff's pro se status, and although the complaint does not necessarily indicate that he might be able to demonstrate that the "imminent danger" exception to Section 1915(g) is applicable to this action, the Court will nonetheless give him an opportunity to present an amended complaint. *See Chavis*, 618 F.3d at 170 (finding that the district court "abused its discretion" in denying plaintiff leave to amend his complaint to allege imminent danger); *see also Carolina v. Rubino*, 644 Fed. App'x 68, 73 (2d Cir. 2016) (summary order) (district court did not abuse its discretion in dismissing complaint under Section 1915(g) because amendment of plaintiff's claims of "past harms" would have been futile).

Plaintiff is advised that any amended complaint submitted in response to this Decision and Order must set forth a short and plain statement of the facts he relies on in support of his claim that specific individuals named as defendants in that pleading engaged in conduct which violated his constitutional rights, and must also contain factual allegations sufficient to plausibly suggest that he faced an "imminent danger of serious physical injury" from one or

more of the defendants when he filed this action on May 30, 2017.[9]  Plaintiff's amended complaint, which shall supersede and replace in its entirety the original complaint, must be a complete pleading which sets forth all of the claims that plaintiff wants this Court to consider as a basis for awarding relief in this action.

If plaintiff wishes to proceed with this action he must, within thirty (30) days of the filing date of this Decision and Order, either (i) pay the statutory filing fee of four hundred dollars ($400.00) in full, or (ii) file an amended complaint demonstrating that he faced "imminent danger of serious physical injury" when he filed this action on May 30, 2017.  Plaintiff is advised that his failure to timely comply with this Decision and Order will result in the dismissal of this action, without prejudice, without further Order of this Court.

## IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that plaintiff's motion for reconsideration (Dkt. No. 6) is **DENIED**; and it is further

**ORDERED** that plaintiff's IFP Application (Dkt. No. 8) is **DENIED** pursuant to 28 U.S.C. § 1915(g) because plaintiff has three "strikes" and is not entitled to the "imminent danger" exception; and it is further

**ORDERED** that this action shall be **DISMISSED** unless, within **thirty (30) days** of the date of this Decision and Order, plaintiff either (i) pays the Court's filing fee of four hundred dollars ($400.00) in full, or (ii) files an amended complaint demonstrating that he faced an "imminent danger of serious physical injury" from the defendants when he commenced this

---

[9] Plaintiff is reminded that claims of "imminent danger" set forth in wholly conclusory terms do not suffice.  *See Chavis*, 618 F.3d at 170.

action; and it is further

**ORDERED** that upon plaintiff's compliance with this Decision and Order, the Clerk of the Court shall return the file to this Court for review; and it is further

**ORDERED** that if plaintiff fails to timely comply with this Decision and Order, the Clerk of the Court is directed to enter judgment dismissing this action, without prejudice, without further order of this Court; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: August 15, 2017
       Albany, NY

*/s/ Mae A. D'Agostino*
Mae A. D'Agostino
U.S. District Judge